NO. 15-4246

# United States Court of Appeals

*for the*

# Fourth Circuit

———————◆———————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

– v. –

OMAR FABIAN VALDES GUALTERO, a/k/a Gordo,

*Defendant-Appellant.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA IN CASE NO. 13-CR-00310
HONORABLE GERALD BRUCE LEE

## BRIEF FOR DEFENDANT-APPELLANT
### Pursuant to Anders v. California, 386 U.S. 738 (1967)

EDWIN S. BOOTH
SHUTTLEWORTH, RULOFF, SWAIN,
 HADDAD & MORECOCK, P.C.
317 30th Street
Virginia Beach, Virginia 23451
(757) 671-6000
ebooth@srgslaw.com

*Attorneys for Defendant-Appellant*

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................. ii

Preliminary Statement ............................................................................. 1

Statement of Appellate Jurisdiction ........................................................ 1

Statement of Issues Presented For Review .............................................. 1

Statement of the case ............................................................................... 2

Statement of Facts ................................................................................... 3

Summary of Argument ............................................................................ 4

Argument .................................................................................................. 5

    I.     Standard of review ..................................................................... 5

    II.    Discussion .................................................................................. 5

          a.    Appellate Waiver .................................................................. 5

          b.    Obstruction of Justice Enhancement ............................ 7

Conclusion ............................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Anders v. California*,
386 U.S. 738 (1967).............................................................1, 10

*Blackledge v. Allison*,
431 U.S. 63 (1977)..................................................................6

*United States v. Benton*,
523 F.3d 424 (4th Cir. 2008) ...................................................4

*United States v. Cohen*,
459 F.3d 490 (4th Cir. 2006), *cert. denied*, 549 U.S. 1182 (2007) ................5

*United States v. Feurtado*,
191 F.3d 420 (4th Cir. 1999) ...................................................8

*United States v. General*,
278 F.2d 389 (4th Cir. 2002), *cert. denied*, 536 U.S. 950 (2002) ..................5

*United States v. Hughes*,
401 F.3d 540 (4th Cir. 2005) ...................................................5

*United States v. Kiulin*,
360 F.3d 456 (4th Cir. 2004) ...................................................8

*United States v. Linder*,
552 F.3d 391 (4th Cir. 2008) ...................................................5

*Via v. Superintendent, Powhatan Correctional Center*,
643 F.2d 167 (4th Cir. 1891) ...................................................6

**Statutes & Other Authorities:**

18 U.S.C. § 1114...............................................................2

18 U.S.C. § 1114(2)............................................................2

18 U.S.C. § 1116(2)............................................................2

18 U.S.C. § 1116(a)............................................................2

18 U.S.C. § 1116(c)............................................................2

18 U.S.C. § 1201(2) ....................................................................................2

18 U.S.C. § 1201(a) ....................................................................................2

18 U.S.C. § 1201(c) ....................................................................................2

28 U.S.C. § 1291 .........................................................................................1

28 U.S.C. § 2255 .........................................................................................4

Fed. R. App. P. 4(b) ...................................................................................1

Fed. R. Crim. P. 11.............................................................................4, 6, 7

**Preliminary Statement**

I submit this brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). After carefully examining the record and researching the relevant statutes and case law, I conclude this appeal presents no legal issues well-founded in law or fact. Therefore, I request the Court's permission to withdraw as attorney of record and to allow appellant to file any further briefs he deems necessary.

**Statement of Appellate Jurisdiction**

This is an appeal from a final judgment of the United States District Court for the Eastern District of Virginia, Alexandria Division, in a criminal case pursuant to the Federal Rules of Appellate Procedure. Fed. R. App. P. (4)(b), Title 28 U.S.C. § 1291 states that the Court of Appeals has jurisdiction from all final decisions of the United States District Courts. Accordingly, this Court properly has jurisdiction over this matter. Defendant timely filed a Notice of Appeal from the trial court's final judgment pursuant to Fed. R. App. P. 4(b).

**Statement of Issues Presented For Review**

My review of the record reveals no issues that can be advanced in good faith. Any arguable points that could exist would arise from Appellant's waiver of

his right to appeal and the application of a sentencing guidelines enhancement for obstruction of justice.

## Statement of the case

On July 18, 2013 the United States filed an indictment against the appellant in United States District Court – Alexandria Division, charging four crimes:

- Count 1 - 18 U.S.C. §§ 1116(a), (c) and 2 (Murder of an Internationally Protected Person; Aiding and Abetting)

- Count 2- 18 U.S.C. §§1114,2 (Murder of an Officer or Employee of the United States; Aiding and Abetting)

- Count 3- 18 U.S.C. § 1201(c)  (Conspiracy to Kidnap)

- Count 4 - 18 U.S.C. §§ 1201(a), (c) and 2 (Kidnapping; Aiding and Abetting)

Pursuant to a plea agreement, the appellant entered a guilty plea to Counts 1 and 3  on December 19, 2014 before the Honorable Gerald Bruce Lee, United States District Judge. The remaining counts were dismissed.

On April 13, 2015, the trial court sentenced Appellant to 348 months in the Bureau of Prisons. He timely noted an appeal.

## **Statement of Facts**

The appellant was part of a conspiracy in the nation of Columbia. The conspiracy engaged in robbery. The appellant and his co-conspirators would pick up unsuspecting tourists, and other people, who hailed taxicabs. A conspirator drove the cab, and other members of the conspiracy would follow in a chase vehicle. Shortly after the ride began, the conspirators would stage a robbery of the passengers.

The conspirators attempted to rob DEA Special Agent Terry Watson on June 20, 2013. Special Agent Watson resisted the robbery attempt. Other members of the conspiracy – not the appellant – fatally stabbed Agent Watson.

The appellant was arrested, extradited the United States, and ultimately entered a guilty plea to his role in the conspiracy pursuant to a plea agreement. He was sentenced to 324 months in prison. At sentencing the trial court declined to apply a leadership enhancement, but did apply a 2-level obstruction of justice enhancement. The sentence was under the advisory guidelines range of 360 Months to Life. [1]

---

1 The actual guideline range was effectively any sentence less than life, as a result of extradition agreements requiring a sentence of less than life in prison.

3

## Summary of Argument

Appellant's counsel reviewed the record thoroughly and failed to identify any legally meritorious appealable issues.

The record reveals the district court substantially complied with Federal Rule of Criminal Procedure 11 requirements when accepting the appellant's plea. The district court also complied with the sentencing guidelines.

The only arguable issues would be:

1. Whether the appellant voluntarily and knowingly waived his right to appeal;

2. Whether the court properly applied the obstruction of justice enhancement.[2]

---

2 The appellant indicates a desire to raise other issues relating to his representation, but these are not available on direct appeal and the record does not demonstrate ineffective assistance.

"[c]laims of ineffective assistance of counsel should be raised in a 28 U.S.C.A. § 2255 motion rather than on direct appeal, unless the appellate record conclusively demonstrates ineffective assistance. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008).

## Argument

### I.     *Standard of review*

The standard of review for whether a defendant effectively waived his right to appeal is a question of law subject to *de novo* review.  *United States v. Cohen*, 459 F.3d 490, 494 (4th Cir. 2006).

The district court's determination of whether a defendant obstructed justice is reviewed on appeal for clear error.  *United States v. Hughes*, 401 F.3d 540, 560 (4th Cir. 2005).

### II.    *Discussion*

#### a.  *Appellate Waiver*

The United States Court of Appeals for the Fourth Circuit allows a defendant to knowingly and voluntarily waive his right to appeal.  *See, e.g., United States v. Linder*, 552 D.3d 391, 396-97 (4th Cir. 2008); *United States v. Cohen*, 459 F.3d 490, 493-95 (4th Cir. 2006), cert. denied, 549 U.S. 1182 (2007).  For a defendant to validly waive his right to appeal, "the record must show that the waiver was based on a knowing and intelligent decision."  *United States v. General*, 278 F.2d 389, 400 (4th Cir. 2002), cert. denied, 536 U.S. 950 (2002). The Court considers the "totality of the circumstances" to determine whether a waiver is "knowing and intelligent."  *Id*. at 400-01.

5

There is clear precedent establishing that once the trial court conducts a Rule 11 colloquy and finds that the defendant enters his plea knowingly and voluntarily, the validity of the plea is conclusively established absent any contrary compelling reasons. *Via v. Superintendent, Powhatan Correctional Center*, 643 F.2d 167, 171 (4th Cir. 1891); *Accord Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (defendant's pleas and statements at Rule 11 proceedings "constitute a formidable barrier" to their subsequent attack).

In this case, the trial court conducted a thorough and proper Rule 11 colloquy, including, but not limited to:

- Explaining that Colombian witnesses could appear by video deposition, or by live in-person testimony. Guilty Plea Transcript 20.

- Providing plain-spoken guidance about the presumption of innocence; "[t]hat means we start out assuming you did nothing wrong." Guilty Plea Transcript 17.

- Encouraging the appellant (who does not speak English) to ask questions, if he had any, to ask the court to repeat questions, and to consult with his lawyer regarding any questions he may have. Guilty Plea Transcript 16-17.

- Explaining the right to a jury trial, basic procedure at trial, order of witnesses, and general principles of direct and cross-examination. Guilty Plea Transcript 18-19.

The colloquy was more extensive than the above bullet-point list, but these are several examples of the trial court's Rule 11 colloquy. The defendant indicated his understanding as to each of the Rule 11 questions including the waiver of appeal. Guilty Plea Transcript 13.

This Court's review of the record will undoubtedly find that the defendant knowingly, voluntarily, and intelligently waived his right to appeal.

### b. *Obstruction Of Justice Enhancement*

The trial court applied the obstruction of justice enhancement because the appellant testified during his suppression hearing, in an effort to convince the court that his confession was coerced by threat of violence. The District Court held:

> Here, the defendant's testimony was that he was in the interrogation room, that an agent walked in. He was unhandcuffed and the agent put a gun on the table where he was sitting in front of him and two other agents were present. And it just seems to me that that is -- I can't imagine that that would happen other than if the agents intended to kill him and that would be the only reason for something like that to happen for suicide by police.
>
> I did not find any facts that supported that, so I will sustain the government's objection, and I will impose a two level enhancement. ST 49

7

The  "clear error" standard makes it very difficult for the appellant to prevail in this argument. The district court was entitled to make credibility determinations; the court found the agent's testimony credible, and the appellant's testimony incredible. The court consequently denied the suppression motion, and – consistent with that earlier holding – found by a preponderance of the evidence that the appellant's testimony at the suppression hearing was untruthful, and constituted obstruction of justice as a sentencing guidelines enhancement.

The government must prove the facts constituting obstruction of justice by a preponderance of the evidence. *See, e.g., United States v. Kiulin*, 360 F.3d 456, 460 (4th Cir. 2004).  The Fourth Circuit approved obstruction of justice enhancements for multiple reasons, including making false statements to an agent. *Id*. at 461.

In the instant case, the district court made very specific factual and credibility findings:

> Despite Defendant's statements to the contrary, there is no evidence that the United States law enforcement agents were armed during the interviews. It would be extremely dangerous for law enforcement agents to place a weapon within reach of an un-handcuffed person suspected of murder in a police station.  Mem. Opinion. p. 11 (Case No.: 13-cr-310 Document #263)

The district court is afforded "great deference" in determining witness credibility. *United States v. Feurtado*, 191 F.3d 420, 424 n. 2 (4th Cir. 1999).Taking into

8

consideration the district court's latitude in credibility determinations, the standard of review, and the evidence presented at the suppression hearing, any appeal of this finding would be legally frivolous.

## <u>Conclusion</u>

In accordance with *Anders v. California*, I examined the record for issues which the Appellant might assert on appeal. In my opinion, there are no claims with legal merit. Therefore, I respectfully move to withdraw from this case in accordance with *Anders* and ask the Court to rule on this appeal accordingly.

<u>s/ Edwin S. Booth</u>
Edwin S. Booth

10

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the foregoing brief is in 14-Point Times Roman proportional font and contains 1,609 words and thus is in compliance with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.

Dated:          August 13, 2015

s/ Edwin S. Booth
Edwin S. Booth

# CERTIFICATE OF SERVICE

I certify that on  8/13/2015              the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Michael Phillip Ben'Ary
Office of the US Attorney
2100 Jamieson Avenue
Alexandria VA 22314-5194
703-299-3700
michael.ben'ary2@usdoj.gov

Stacey Kyle Luck
U. S. Department of Justice
1301 New York Avenue, NW
Washington DC 20005
202-514-5650
stacey.luck@usdoj.gov

/s/ Edwin  S.  Booth

Signature

8/13/15

Date